**In the Matter of Lora N. BARKES, Respondent.**

No. 64S00–1205–DI–243.

Supreme Court of Indiana.

July 17, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count 1.* Respondent was retained to handle several collection actions, but she took no action and falsely told the client that she had filed pleadings and obtained court dates.

*Count 2.* Respondent was retained by an Illinois attorney to collect an out-of-state judgment. She took no action but falsely and repeatedly told the attorney that she had taken such actions as appearing in court for a hearing and seeking a contempt citation.

At all relevant times regarding both counts, Respondent understood that her mental fitness and professional judgment was impaired by depression, yet she continued with the representations.

*Other facts.* The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent is remorseful, evidenced in part by her self-imposed removal from practice for seven months; (4) the clients suffered no prejudice or harm in the outcome of their legal matters; (5) at the time of her misconduct, Respondent was suffering from depression, for which she is being treated.

**Violation:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.16(a)(2): Failure to withdraw from representation when the lawyer's physical or mental condition material-

ly impairs the lawyer's ability to represent the client.

3.2: Failure to expedite litigation consistent with the interests of a client.

8.4(a): Knowingly violating the above Rules of Professional Conduct.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The Court, having considered the submission of the parties, now approves the agreed discipline set forth below. The discipline imposed for Respondent's misconduct would likely have been more severe had this matter been submitted without the Commission's agreement that the proposed discipline is sufficient.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning August 28, 2012, with 60 days actively served and the remainder stayed subject to completion of 18 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall comply with mental health treatment as determined and monitored by the Indiana Judges and Lawyers Assistance Program.

(2) If Respondent violates her probation, the stay of her suspension may be vacated and she may be required to actively serve the balance of her suspension with or without automatic reinstatement.

(3) If Respondent is required to actively serve the balance of her suspension without automatic reinstatement, Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

SULLIVAN, RUCKER, and MASSA, JJ., concur.

DICKSON, C.J., and DAVID, J., dissent, believing that the Respondent's misconduct involving deliberate dishonesty calls for a substantial period of unstayed suspension without automatic reinstatement.